```
                   UNITED STATES DISTRICT COURT
                   EASTERN DISTRICT OF LOUISIANA

THE MERIDIAN RESOURCE &                  CIVIL ACTION
EXPLORATION LLC

VERSUS                                   NO: 06-1095

RAMONA CORMIER, ET AL.                   SECTION: "J" (4)
```

**ORDER AND RESONS**

Before the Court is Defendants Ramona Cormier and Ruth Harris's Motion for Summary Judgment (Rec. Doc. 66). For the reasons stated below, the motion is **GRANTED**.

**BACKGROUND**

This case was filed in the nature of an interpleader in March 2006. At some point in the past, Cornelius Henderson ("Cornelius") inherited a tract of land located in St. Mary Parish. After selling part of the property, he died intestate. The title declaration filed in the conveyance office of St. Mary Parish, declares that Cornelius had five children, Ramona Cormier and Ruth Harris (the "Cormier Defedants") and three siblings who all predeceased Cornelius and all died intestate without surviving descendants. Thereafter, the Cormier Defendants inherited an undivided one-half interest in the property.

Meridian is the holder a mineral lease on the tract of land. Such lease provides for a 25% royalty on oil and gas produced from or attributable to the tract of land.

In 2003, Defendant Brenda Frye informed Meridian that her mother, Ada Robertson ("Ada") was a full-blooded child of Cornelius. Brenda Frye and her siblings (the "Robertson Defendants") claim that Ada should have been entitled to her share of the property in St. Mary's Parish. The Cormier Defendants claim that Ada Robertson was their half sister and therefore is not entitled to a portion of the property in question.

In May 2003, the State of Louisiana issued a birth certificate which declared that Cornelius Henderson was the father of Ada Robertson. In addition, Ada's death certificate issued by the State of Louisiana on March 3, 1999 declares Cornelius Henderson to be the father of Ada.

It has also been alleged that Ada Robertson had a brother, Alton, and a sister Gustavia. It is known that Alton, Ada and Gustavia all had the same mother. It is alleged that Gustavia and Alton were also the children of Cornelius. Alton and Gustavia both died after Cornelius but before Ada. Both died without descendants and intestate.

In April 2007, this Court ordered that the body of Cornelius

and Ada be exhumed and their remains tested.  The Court further ordered that the Cormier Defendants and Brenda Frye provide DNA samples in order to determine the familial relationships among these parties and the decedents.  On August 28, 2007, Reliagen Technologies issued a report that Cornelius was not the biological father of Ada.

Thereafter on November 2, 2007, the parties entered and filed into the record a set of stipulations.  Some of the more pertinent stipulations are as follows:

- Stipulation 8 provides that "[i]f the Court determines that Ada was the natural or adopted child of Cornelius Sr., then the Robertson Defendants are collectively entitled to an undivided 1/3 of the Cornelius Interest . . ."
- Stipulation 12 provides that "[i]f the court determines that neither Ada nor Gustavia nor Alton was the natural or adopted child of Cornelius, then the Robertson Defendants are collectively entitled to an undivided 5.555556% of the Cornelius interests . . ."
- Stipulation 13 provides that "[t]he parties have no evidence as to who was the father of Gustavia or Alton that is different from the evidence as to who was the father of Ada Robertson."

**DISCUSSION**

A. Legal Standards

Summary judgment is appropriate where the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (citing F<small>ED</small>. R. C<small>IV</small>. P. 56(c)). The moving party bears the initial burden of demonstrating to the court that there is an absence of genuine factual issues. *Id*. Once the moving party meets that burden, the non-moving party must go beyond the pleadings and designate facts showing that there is a genuine issue of material fact in dispute. *Id*. "A factual dispute is 'genuine' where a reasonable jury could return a verdict for the non-moving party. If the record, taken as a whole, could not lead a rational trier of fact to find for the non-moving party, then there is no genuine issue for trial and summary judgment is proper." *Weber v. Roadway Exp., Inc.*, 199 F.3d 270, 272 (5th Cir. 2000) (citations omitted). The non-moving party's burden "is not satisfied with 'some metaphysical doubt as to the material facts,' by 'conclusory allegations,' by 'unsubstantiated assertions,' or by only a 'scintilla' of evidence. [The courts] resolve factual

controversies in favor of the nonmoving party, but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts. *[The courts] do not, however, in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts."* Little, 37 F.3d 1075(citations omitted).

B.  Choice of Law

At the outset, the parties did not brief whether Louisiana law or Federal law should apply to this action.  However, it would seem that state law would apply to this case. The issues in this case are intricately intertwined with paternity and family law, a traditional bastion of state law.  *Elk Grove Unified Sch. Dist. v. Newdow*, 542 U.S. 1, 12-13 (2004)(*citing Ex Parte Burns*, 136 U.S. 586, 593-94 (1890)).

C. Louisiana Law and Reasoning

The only issue left for this Court to decide is whether or not Ada, Alton, and Gustavia were the natural or adopted children of Cornelius.  The Cormier Defendants filed this motion for Summary Judgment on the basis of the DNA test which found that Cornelius is not the father of Ada.  The Cormier Defendants assert that DNA tests are accepted by Louisiana courts as evidence, and point to LA. REV. STAT. ANN. § 15:441.1.  That statute provides: "Evidence of [DNA] profiles . . . offered to

5

establish identity of the offender of any crime is relevant as proof in conformity with the Louisiana Code of Evidence." *Id.* However, the statute only applies to criminal cases. Further, Louisiana courts have held that the statute itself does not attach any legal presumption to DNA testing and that the statute only states a general policy that such evidence is relevant. *State v. Spencer*, 663 So. 2d 271, 274 (La. App. 3 Cir. 1995).

Louisiana law does provide that blood tests may be used to determine paternity in any civil suit as well. *See* LA. REV. STAT. ANN. §§ 9:396 to :397.3. Louisiana cases have also held that while DNA evidence is becoming more reliable, the statute does not mandate that DNA is the sole factor in determination of paternity. *See e.g., State ex rel. Dep't of Social Servs. v. Dorsey*, 665 So. 2d 95, 96 (La. App. 1 Cir. 1995)("Blood tests are just one factor to be weighed by the trier of fact."). These cases tend to support the Robertson Defendants' position that the court must consider other evidence in the case, which would include the state certificates referenced above.

However, Louisiana law further provides: "If the court finds that the conclusions of all the experts as disclosed by the reports, based upon the tests, are that the alleged father is not the father of the child, the question of paternity shall be resolved accordingly. If the experts disagree in their findings

or conclusions, the questions shall be submitted upon all the evidence." L<small>A</small>. R<small>EV</small>. S<small>TAT</small>. A<small>NN</small>. § 9:397.3(D).  In this case, the only report indicates that Cornelius is not the father of Ada. There are no additional experts that disagree.

Louisiana cases have held that once blood tests exclude a person from being a father, no amount of testimony of informal acknowledgment could overcome the results of the blood tests. *See Odom v. Culverhouse*, 505 So.2d 837, 839 (La. App. 2 Cir. 1987)(*citing Dufrene v. Dufrene*, 366 So. 2d 1016 (La. App. 1 Cir. 1978)).  Further, scholars have noted that while caution is needed for a court to conclusively accept a blood test alone as proof <u>positive</u> of a putative father's paternity, no such caution or corroboration is needed for tests that <u>exclude</u> a person from paternity.  *See e.g.,* Christopher L. Blakesley, *Scientific Testing and Proof of Paternity: Some Controversy and Key Issues for Family Law Counsel*, 57 L<small>A</small>. L. R<small>EV</small>. 379, 417 (1997)("[T]he traditional and prudent approach provided that, while [the statute] directed the trial court to dismiss a paternity action if blood tests show that the defendant is not the father (exclusion may be definitive), the statute provided no positive direction for cases in which the blood tests "*strongly indicate*" that he is the father.").

The parties have not addressed any legal or other steps that

7

Cornelius might have made in adopting Ada.[1]  Therefore, it is assumed that the only evidence that the Robertson Defendants could produce are those related to the  birth and death certificates.  While the Robertson Defendants claim that it would be inappropriate for the Court to give more weight to the DNA evidence than to the authentic certificates issued by the state of Louisiana, section 9:397.3(D) would seem to indicate otherwise.  This Court is not only entitled to refuse to consider evidence after a DNA test excludes a person as a putative father, but the Court appears to be required to do so by operation of the statute.

## CONCLUSION

Accordingly, this Court will grant the motion for summary judgment and enter judgment that Ada Robertson is not the natural child of Cornelius.  The Court also finds that according to Stipulation 13, there is no evidence as to who was the father of Gustavia or Alton that is different than the evidence of Ada.

---

[1] An adopted child is considered for all purposes to be the legitimate child and forced heir of the adoptive parent or parents to the same extent as other children.  LA. CIV. CODE ANN. art. 214(B).  Louisiana courts do not allow evidence for the purpose of proving an adoption "except a lawful adoption in accordance with the laws of the place where the adoption is alleged to have occurred."  LA. REV. STAT. ANN. § 13:3735.  The procedures for adopting a child are spelled out in LA. CHILD. CODE ANN. arts. 1101-1149.

Accordingly, this Court finds that there is no evidence that Gustavia and Alton are the children of Cornelius. Therefore, Stipulation 12 applies, and the Court will enter judgment in accordance with that stipulation. It will be the judgment of this Court that the Robertson Defendants are entitled to an undivided 5.555556% of the Cornelius Interests. Accordingly,

**IT IS ORDERED** that the Motion for Summary Judgment (Rec. Doc. 66) is **GRANTED**;

**IT IS FURTHER ORDERED** that because this Court finds that neither Ada Robertson, Gutsavia Waller, nor Alton Blackwell are the natural or adopted children of Cornelius Henderson, the Robertson Defendants (as defined above) are entitled to an undivided 5.555556% share of the Corenlius Interests in accordance with Stipulation 12 filed into the record of this Court. (Rec. Doc. 70).

New Orleans, Louisiana this the 29th day of November, 2007.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE